Roscoe Durflinger, Appellee, v. J. K. Fisher, Appellant.

Gen. No. 6,005. (Not to be reported in full.)

Appeal from the County Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 15, 1915.

## Statement of the Case.

Action for forcible detainer brought by Roscoe Durflinger against J. K. Fisher to recover possession of farm lands held by the latter. The trial resulted in a judgment for the plaintiff and the defendant appeals.

The evidence showed that the defendant went into possession under a written lease which expired March 1, 1913, and that it was extended by written indorsement until March 1, 1914. The defendant claimed that during the latter part of the year 1913 there was a verbal agreement between him and his lessor that his term should be extended for another year from and after the expiration of his written lease on March 1, 1914. Before the expiration of the defendant's term under the written lease his lessor sold and conveyed the premises to George Dainty and Edward Pearson, and thereafter the former made and executed a written lease of the farm on behalf of himself and his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number. ,

cotenant to the plaintiff for the term of one year from and after March 1, 1914. On the refusal of the defendant to surrender possession on that date, the plaintiff brings this action.

ROBILLARD & ROBILLARD, for appellant.

W. G. BROOKS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. TENANCY IN COMMON, § 23*—*when lease executed by one tenant admissible in evidence.* A lease signed by one tenant in common for himself and his cotenant is admissible in evidence without preliminary proof of his authority, since, in the absence of evidence to the contrary, its execution will be presumed to have been authorized.

2. TENANCY IN COMMON, § 23*—*when lease by one tenant is valid.* A lease executed by one tenant in common in behalf of himself and his cotenant entitles the lessee to the possession of the demised premises.

3. EVIDENCE, § 309*—*when preliminary proof sufficient to admit record of deed.* The preliminary proof necessary for the introduction in evidence of the record of a deed, *held* sufficient under section 35 of the Conveyance Act (J. & A. ¶ 2267).

4. FRAUDS, STATUTE OF, § 41*—*when verbal lease for year invalid.* A verbal agreement made during the life of a written lease, to extend the term for one year from the expiration of such lease, is within the Statute of Frauds.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.